IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mark Serrano,<br><br>　　　　Plaintiff,<br>　v.<br><br>Mary Butler, Chief Probation Officer for Napa County, California.<br><br>　　　　Defendant.<br>――――――――――――――――――――――/ | NO. C 06-04433 JW<br><br>**ORDER TO SHOW CAUSE RE: WRIT OF HABEAS CORPUS PETITION** |

## I. INTRODUCTION

Petitioner, represented by counsel, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his September 18, 2003 conviction of attempted rape. The Court orders Respondent to show cause why the petition should not be granted.

## II. BACKGROUND

According to the petition, Petitioner was charged with attempted rape (Cal. Penal Code § 261(a)(2)). He was found guilty based on evidence that he had informed his girlfriend that he would make public a sex video she had made if she did not make a sex video with him. Petitioner was sentenced to three years on formal probation on the condition that, *inter alia*, he serve one year in the county jail. Petitioner was also required to register as a sex offender for the remainder of his life.

On November 3, 2003, Petitioner filed a timely notice of appeal to the California Court of Appeal. On March 17, 2005, the First Appellate District of the California Court of Appeal issued a

decision affirming the judgment in full.  Petitioner filed a timely petition for review with the California Supreme Court, which was denied on June 29, 2005.  On July 20, 2006, Petitioner timely filed this petition pursuant to 28 U.S.C. § 2244(d).

### III.  DISCUSSION

**A.    Standard of Review**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appear from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

**B.    Petitioner's Claim**

Petitioner alleges that his attempted rape conviction was in violation of his federal constitutional right to due process, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.  Specifically, Petitioner contends that the state courts unreasonably ruled that the statute under which he was charged and convicted gave constitutionally adequate notice that his conduct would be within it purview.  Liberally construed, Petitioner's claim appears cognizable under § 2254 and merits an answer from Respondent.

In light of Petitioner's claim, the Court orders Respondent to show cause why the Petitioner's petition for a writ of habeas corpus should not be granted.

### IV.  CONCLUSION

The Court ORDERS as follows:

1. The Clerk shall serve by mail a copy of this Order and the petition and all attachments upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on the Petitioner.

3. Respondent shall file with the Court and serve on Petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

6. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 29, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Dennis Patrick Riordan dennis@Riordan-Horgan.com
Donald Meredith Horgan don@riordan-horgan.com

**Dated:  May 29, 2009**                                **Richard W. Wieking, Clerk**

                                                        **By:  /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**